IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORINZA BLACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:06-CV-0031-WKW |
| | ) |
| SHERIFF JAY JONES, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 13, 2006, Lorinza Black ["Black"], a county inmate and frequent litigant in this court, filed a motion for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a). *See Court Doc. No. 2*. However, under the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The records of this court establish that Black, while incarcerated or detained, has on

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

at least three occasions had civil actions dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The cases on which this court relies in finding a violation of § 1915(g) are: (1) *Black v. Alabama Dept. of Corrections*, Case No. 3:00-CV-1163-MHT (M.D. Ala. 2000); (2) *Black v. Lee County Jail*, Case No. 3:00-CV-1027-WHA (M.D. Ala. 2000); and (3) *Black v. Opelika City Jail*, Case No. 3:00-CV-964-ID (M.D. Ala. 2000).

In the instant civil action, Black asserts that during a term of incarceration in the Lee County Detention Facility in 2000 the defendants held him past his release date. *Plaintiff's Complaint* at 1-2. Specifically, Black complains that although his end of sentence date occurred on August 1, 2000 the defendants did not release him until sometime in October of 2000. *Amendment to the Complaint - Court Doc. No. 4* at 1 ("Date happen 8-1-2000 until around October 17, 2000 before I was released from such illegal custody.").[2] The allegations now pending before the court fail to demonstrate that Black was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*,

---

[2]Black maintains that the facts underlying his claims for relief are the same as those presented in his complaint against the Lee County Jail in *Black v. Lee County Jail*, Case No. 3:00-CV-1027-WHA (M.D. Ala. 2000). *Amendment to the Complaint* at 1-2. Since "[t]he Lee County Jail 'is not a legal entity . . . subject to suit or liability under section 1983[,]'  the court dismissed *Black v. Lee County Jail* "as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i)." *Id*. - *Recommendation of the Magistrate Judge* at 1, *adopted as opinion of the court by November 7, 2000 Order*. Black's reliance in this cause of action on facts previously presented to this court as a basis for relief and dismissed as frivolous does not in any way effect the applicability of 28 U.S.C. § 1915(g) to the current complaint.

185 F.3d 1189 (11th Cir. 1999). Based on the foregoing, the court concludes that Black's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as the plaintiff failed to pay the requisite $250 filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)(emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Lorinza Black on January 13, 2006 (Court Doc. No. 2) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Black's failure to pay the full filing fee upon the initiation of this case.[3]

It is further

ORDERED that on or before February 16, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the

---

[3] In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l). The proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). Consequently, this case would likewise be subject to summary dismissal as the claims presented in the complaint are barred by the two-year period of limitation applicable to actions brought under 42 U.S.C. § 1983.

3

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of February, 2006.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE